UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA**

v.                                         Case No. 6:24-cr-282-CEM-LHP

**DAVID ANDREW OGDEN**

### UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE

The United States moves this Court, pursuant to 18 U.S.C. § 2253 and Fed. R. Crim. P. 32.2(b)(2), for a preliminary order of forfeiture for a Samsung Galaxy cellphone obtained from the defendant's residence on September 8, 2024. In support thereof, the United States submits the following.

### MEMORANDUM OF LAW

**I.**     **Statement of Facts**

    **A.**     **Allegations Against the Defendant**

1. The defendant was charged in an Indictment with production of child pornography, in violation of 18 U.S.C. § 2251(a) (Counts One through Five) and possession or access with intent to view child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count Six). Doc. 1.

2. The Indictment also contained forfeiture allegations putting the defendant on notice that, pursuant to 18 U.S.C. § 2253, the United States would seek to forfeit the asset identified above. *Id.* at 4.

### B. Finding of Guilt and Admissions Related to Forfeiture

3. On August 20, 2025, without the benefit of a plea agreement, the defendant pleaded guilty to Counts One through Six of the Indictment. Doc. 38. The Court accepted the defendant's plea and adjudicated him guilty. *Id.*

4. The Factual Basis of the United States' Notice of Maximum Penalties, Elements of Offense, Personalization of Elements and Factual Basis, establishes the basis for finding that the defendant committed the offenses charged in Counts One through Six of the Indictment. Doc. 36 at 7-10. Specifically, the defendant's Samsung Galaxy cellphone contained the videos which serve as the basis for the offenses charged in Counts One through Six of the Indictment. *Id.* at 8-10.

## II. Applicable Law

### A. Forfeiture Authority

The forfeiture for a violation of 18 U.S.C. § 2252A(a)(1) and 2252A(a)(5)(B) is authorized by 18 U.S.C. 2253, which provides for the forfeiture of any property used or intended to be used to commit or to promote the commission of a violation of 18 U.S.C. § 2252A(a)(1) and 2252A(a)(5)(B).

### B. Court's Determination of Forfeiture

Rule 32.2(b)(1) provides that, when the government seeks to forfeit specific property, the Court must determine whether the government has established the requisite nexus between the property and the defendant's crime. Fed. R. Crim. P.

32.2(b)(1). The Rule requires this be done as soon as practical after a verdict or finding of guilty, or after a plea of guilty is accepted. Fed. R. Crim. P. 32.2(b)(1)(A).

The Court's determination may be based on evidence already in the record, or any additional evidence submitted by the parties and accepted by the Court as relevant and reliable. Fed. R. Crim. P. 32.2(b)(1)(B). As was established in the Notice of Maximum Penalties, Elements of Offense, Personalization of Elements and Factual Basis, the asset was involved in or used in the offenses charged in Counts One through Six. Therefore, the asset is subject to forfeiture pursuant to 18 U.S.C. § 2253.

### III. Conclusion

For the reasons stated above, the United States requests that, pursuant to 18 U.S.C. § 2253 and Rule 32.2(b)(2), the Court enter a preliminary order of forfeiture for the asset identified above. The United States further requests that the preliminary order of forfeiture become final as to the defendant at sentencing.

Upon issuance of the preliminary order of forfeiture, the United States will provide written notice to all third parties known to have an alleged legal interest in the asset and will publish notice on the Internet at www.forfeiture.gov of its intent to forfeit the asset. Determining whether a third party has any interest in the asset must be deferred until a third-party files a claim. *See* Rule 32.2(c).

As required by Federal Rule of Criminal Procedure 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally pronouncing the

3

sentence and in the judgment. *See* Fed. R. Crim. P. 32.2(b)(4)(B) and *United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000).

The United States further requests that the Court retain jurisdiction to address any third-party claim that may be asserted in these proceedings, and to enter any further order necessary for the forfeiture and disposition of such property.

Respectfully Submitted,

GREGORY W. KEHOE
United States Attorney

By: *s/Nicole M. Andrejko*
NICOLE M. ANDREJKO
Assistant United States Attorney
Florida Bar No. 0820601
400 West Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7560
Facsimile: (407) 648-7643
E-Mail: Nicole.Andrejko@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system that will send a notice of electronic filing to counsel of record.

*s/Nicole M. Andrejko*
NICOLE M. ANDREJKO
Assistant United States Attorney