# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                               Case No: 6:24-cr-282-CEM-LHP

**DAVID ANDREW OGDEN,**

    Defendant.

_____/

## DEFENDANT'S SENTENCING MEMORANDUM

The defendant, David Andrew Ogden, submits this sentencing memorandum prior to his sentencing scheduled for November 13, 2025, at 10 a.m. For the reasons set forth below, Mr. Ogden requests that this Court sentence him to the maximum term of thirty years in the Bureau of Prisons on counts one through five and the maximum term of twenty years on count six to run concurrently – for a total sentence of thirty years to be followed by a fifteen-year term of supervised release. *See* Doc. 36 (Notice of Maximum Penalties).

On August 20, 2025, Mr. Ogden entered a plea of guilty to each count of the Indictment without benefit of a plea agreement. Doc. 38. Counts one through five charged Mr. Ogden with production of child pornography in violation of 18 U.S.C. § 2251(a) and (e); count six charged Mr. Ogden with

possession or access with intent to view child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). The facts set forth in the Factual Basis that was filed as part of the Notice of Maximum Penalties are not in dispute. Also not in dispute are the severity of the crimes committed by Mr. Ogden and the lifelong trauma to the five young victims. The purpose of this memo is to propose an appropriate sentence considering this Court's sentence in a similar case.

This Court's sentence in *United States v. Bracero-Navas*, 6:21-cr-113-CEM-LHP-1 shows that the proposed sentence is appropriate. In *Bracero-Navas*, a jury found the defendant guilty of seven counts of sexual exploitation of a minor. Appendix D at 2.[1] This Court sentenced him to 480 months' (40 years) imprisonment, followed by 15 years' supervised release. *Id*. The victim in *Bracero-Navas* was the defendant's 16-year-old daughter. *Id*. The charges were based on seven surreptitiously taken photos of the victim that were found on the defendant's phone. *Id*.

Unlike Mr. Bracero-Navas, Mr. Ogden did not go to trial and did not cause the victims further trauma by forcing them to testify. Mr. Ogden's intention from the very beginning was to plead guilty. Mr. Ogden is also deeply remorseful as evidenced by his letter to this Court. Appendix A. This Court

---

[1] The unpublished opinion of the Eleventh Circuit is attached. Because the case went to trial, there is no factual basis in the record. The opinion is attached to provide a summary of the facts.

2

will also hear Mr. Ogden's deep remorse during his allocution. Counsel has heard this Court speak several times about the unique harm to victims whose images are distributed on the internet. Those children will live forever with a target on their back. That is not the case here.

Counsel recognizes the differences between Mr. Ogden's case and that of Mr. Bracero-Navas. While there was no touching in Mr. Bracero-Navas's case, the victims were touched in the instant case. Further, there was a single victim in Mr. Bracero-Navas's case, while here there are five, three of whom were victimized after Mr. Ogden broke into their house. The biggest difference between the two cases is that Mr. Bracero-Navas's victim had to testify against her own father while Mr. Ogden took responsibility and entered a guilty plea. Counsel reviewed Mr. Bracero-Navas's case, and this Court commented on the fact that it had not heard from the defendant. Here, the defendant wrote a long letter to the Court expressing his remorse and he plans to allocate at the sentencing.

This case illustrates how one person can have many different faces. The letters attached from Mr. Ogden's family, friends and counselor attest to his other side and his efforts towards rehabilitation. Appendix B1-B4. Since his incarceration, Mr. Ogden has spent much time processing the reality of his actions and their impact on the five child victims. This led him to the point of suicidal ideation. Appendix A. While it is simply impossible to make amends

for crimes of this magnitude, Mr. Ogden has focused on doing what he can from prison to improve himself and better the lives of others. He has rededicated himself to his faith. He leads Bible study with other men detained with him and helps them with improving their health through exercise and diet. None of this can ever change what he did and the impact on the victims. However, it does show that he is committed to using his time in prison to serve others.

Mr. Ogden is forty years old. If he is sentenced to thirty years, he will be in his late sixties when he is released. Realistically, a longer sentence would likely mean he will spend the rest of his life in prison. *See*, Appendix E, Clausen-Kelly, Fred, *When a Prison Sentence Becomes a Death Sentence,* NPR, April 27, 2023. Therefore, Mr. Ogden requests that this Court sentence him to a total sentence of thirty years on all counts.

Dated this 6th day of November 2025.

                                              Charles L. Pritchard, Jr.
                                              Federal Defender, MDFL

*/s/Katherine Puzone*
Katherine Puzone, Esq.
Assistant Federal Defender
Florida Bar No. 94491
201 South Orange Avenue, Suite 300
Orlando, FL 32801
Telephone: 407-648-6338
Fax: 407-648-6095
E-Mail: katherine_puzone@fd.org

4

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that undersigned electronically filed the foregoing *Defendant's Sentencing Memorandum* with the Clerk of Court (CM/ECF) by using the CM/ECF system which will send a notice of electronic filing to Megan Testerman, Assistant United States Attorney, this 6th day of November 2025.

*/s/Katherine Puzone*
Attorney for Defendant
